HARDY, Judge.
This is an action ex delicto in which plaintiff seeks the recovery of damages for personal injuries, and he appeals from judgment rejecting his demands.
This suit is one of three, arising from the occurrence of an automobile collision, which were consolidated for purposes of trial and appeal.
Plaintiff was a passenger in an automobile owned and operated by one Lee Heard, which was moving north on the Coushatta-Ringgold Highway in Bienville Parish about 2:00 P. M., on July 6, 1958. At a point about two miles south of Ringgold the *45 Heard automobile collided with a car owned and driven by one Simon B. Combs, who was accompanied by his wife. The collision occurred on a long, straight, open stretch of the black top highway which was some 18 to 20 feet in width, and, according to the witnesses, rain which was falling at the time did not serve to obscure nor substantially diminish visibility. As the result of the accident Lee Heard was instantly killed, the other three occupants of the cars involved — Demery and Mr. and Mrs. Combs — sustained serious injuries, and the two vehicles were practically demolished.
In this suit the plaintiff, Demery, has named as defendants Combs and his liability insurer, Reliance Insurance Company, Mrs. Heard and the liability insurer of her deceased husband, Aetna Casualty & Surety Company. Plaintiff alleged that the accident was solely and proximately caused by the negligence of Combs; alternatively, by the negligence of Heard, and still further in the alternative, by the combined and concurrent negligence of both Combs and Heard.
Mrs. Heard filed suit against Combs and his insurer, Reliance Insurance Company, alleging that the accident resulted from the negligence of Combs. The third suit was instituted by Mr. and Mrs. Combs against Harriett Heard and Aetna Casualty & Surety Company, based upon the allegation that the accident was the result of the negligence of the decedent, Heard.
The only living eye witnesses to the accident at the time of trial were Demery and Mr. and Mrs. Combs. The testimony of Mrs. Combs — insofar as the circumstances surrounding the accident are concerned— is of no value, since she repeatedly testified that she remembered none of the incidents which occurred between the time she and her husband entered his automobile to begin their trip and the time several weeks later after she was removed to her home following a period of hospitalization. While no medical substantiation of Mrs. Combs’ condition of total amnesia was tendered by any of the expert witnesses, there is no reason to doubt the fact that the loss of memory resulted from the violence and shock of the collision.
The elimination of the testimony of Mrs. Combs leaves for consideration the completely irreconcilable versions of the accident as given by Demery and Combs.
On July 8, 1958, Combs gave a signed statement to an insurance adjuster in which he asserted that he remembered nothing about the accident. On July 9, 1958, this plaintiff, Demery, gave a statement in which he declared that he did not know the cause of the accident, remembered only seeing a car traveling south on the highway which was meeting the Heard car in which he was a passenger, and that the oncoming car at the time was in its proper lane of travel. On July 16, 1958, Combs gave another statement which contained some irrelevant details, but he reiterated his declaration that he did not know what happened to cause the accident, though he remembered he was on his side of the highway. Discovery depositions of Combs and his wife were taken on August 14, 1959, and by this time Combs’ memory had improved to the point where he was able to relate his version of the accident. On trial of the case, October 27, 1959, both Combs and Demery testified in somewhat particular detail as to the occurrence of the collision. Demery’s testimony was that, as Heard was driving north on the highway at a reasonable rate of speed, the Combs’ car, moving in the opposite direction behind an unidentified black Ford, pulled out to pass this vehicle, was unable to complete the maneuver because of the nearness of the Heard car, was further unable to pull back onto its proper side of the highway, and, as a result, struck the Heard car, even as Heard was pulling to the right in a futile attempt to avoid the accident. The gist of Combs’ testimony was that he observed the approaching Heard vehicle, which he estimated to be traveling at from 60 to 70 miles per hour in its proper lane of the *46 highway; that, for some unknown reason, when the distance between the two cars had been reduced to some 50 to 75 feet, the Heard car swerved over into the wrong lane of the highway; observing this action Combs moved toward the center of the highway; the Heard car then turned back to its right in an effort to regain its proper lane of travel, whereupon Combs pulled his car hard to the right, but was unable to avoid the collision.
After careful and repeated examination of this testimony, we are unable to reach any conclusion as to the manner of occurrence of the collision. The testimony of both of these parties is shot full of inconsistencies and contradictions. Belief in Demery’s story would require the acceptance of the existence of another car on the highway. This fact is stoutly and positively denied by Combs. Further, it is difficult for us to believe that the occupants of such a car would have callously proceeded on their way without stopping to render aid and later making themselves known as witnesses to the accident. Such conduct, under the circumstances, is not consistent with normal human behavior.
Nor can we accept the story given by Combs, which is palpably incredible in consideration of the distances involved and the time required for action and reaction under the circumstances which he described.
In almost every instance where a reasonable conclusion cannot be reached upon the basis of the testimony of witnesses as to the facts involved in connection with an automobile collision, it is possible to predicate some conclusion upon testimony of disinterested witnesses with respect to the existing physical circumstances. Unfortunately, the cases before us do not admit of such a resolution. The death of one of the parties involved in the accident, the loss of memory by another, and the obvious uncertainties and discrepancies in the testimony of the two remaining witnesses leave the court without assistance from direct sources. We are confronted by another blank wall in the effort to ascertain any physical circumstances which would assist in a just determination with respect to the issue of negligence. The accident was investigated by a Deputy Sheriff of Bienville Parish, who was first on the scene, and later by a State Trooper. According to the testimony of these witnesses there was not the slightest evidence of tire marks or skid-marks of either car involved, nor could the point of impact be established. Under the circumstances, the reasons for the absence of physical evidence is readily understandable. Rainfall before, at and after the occurrence of the accident would have served to obliterate any tire tracks or marks, and the tremendous impact of the collision, which scattered debris over an extensive portion of the highway would prevent the fixing, with any reasonable certainty, of the point of impact. The inability of the investigating officers to locate any physical sign which would assist them in fixing responsibility is epitomized in the following brief extract from the testimony of Deputy Sheriff Spinks:
“I couldn’t see a sign of a skidmark or anything. There was a little mud and dirt there, and it was raining, and some glass, but it was scattered all over the place. That is the only wreck I ever checked that I couldn’t tell anything about.”
The single physical circumstance established by the record relates to the points of impact between the two vehicles as demonstrated by photographs of the two vehicles, after the accident. These photographs indicate that the front left side of the Heard car was struck by the left front — in fact, almost the entire front — of the Combs car. However, this factor, standing alone, avails us nothing, for it would accord with either of the contradictory narratives as testified by Demery and Combs. The conclusion that the plaintiffs in the respective cases have failed to establish negligence as against the opposite party is inescapable. Any finding of negligence on the part of either of the drivers, or of the coincident and concurrent *47 negligence by both, would of necessity be predicated upon the most abhorrent nature of speculation, conjecture and surmise. Such a conclusion, indeed, could not even be justified as an “educated guess.” We are assured of only one thing, that the true facts surrounding the occurrence of the accident and the causes thereof are, and must remain, shrouded in impenetrable mystery.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.